UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS HARDT,

                                   Plaintiff,

          - against -

CAMBRIDGE MUTUAL FIRE INSURANCE
COMPANY,

                                   Defendant.

Docket No.:

**COMPLAINT**

**Plaintiff Demands Trial by Jury**

Plaintiff, THOMAS HARDT, by his attorney, the Law Office of Craig A. Blumberg, as and for his Complaint against defendant, CAMBRIDGE   MUTUAL  FIRE  INSURANCE COMPANY, set forth as follows:

### Parties

1.       Plaintiff, THOMAS HARDT, was and is a natural person, over the age of eighteen years, residing at Am Lendenhof 2, 53757, Sankt Augustin, Germany

2.       Defendant, CAMBRIDGE  MUTUAL  FIRE  INSURANCE  COMPANY ("Cambridge Mutual"),  was  and is an insurance company domiciled in the State of Massachusetts, doing business in the State of New York and issuing insurance polices in the State of New York, with its principal place of business at 95 Old River Road, Andover, Massachusetts.

### Jurisdiction

3.       The  United  States  District  Court,  Eastern  District  of  New  York,  has jurisdiction over the within action by virtue of diversity of citizenship pursuant to 28 U.S.C. §1332, and the fact that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### Venue

4.       Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. §1391 as the Judicial District in which a substantial part of the events or omissions giving

rise to the claim occurred and/or a substantial part of the property that is the subject of this action is situated.

### Operative Facts

5.      At all relevant times, Michelle Hardt owned and resided at the premises located at 30 Newton Street, Staten Island, New York. (the "Premises").

6.      On or about October 21, 2019, plaintiff PETER HARDT made a loan in the amount of $850,000 to Michelle Hardt.  This loan was secured by a mortgage on 30 Newton Street, Staten Island, New York. **(Exhibit A)**

7.      As a condition of the note and mortgage, Michelle was required to insure the property against risk of loss with the proceeds of said insurance payable to plaintiff PETER HARDT to the extent of his interest as mortgagee.

8.      Michelle Hardt thereafter obtained insurance for the property with defendant Cambridge Mutual naming plaintiff PETER HARDT, as mortgagee.

9.      On or about November 1, 2021, defendant Cambridge Mutual for good and valuable consideration made and issued to Michelle Hardt, as its insured, and plaintiff, PETER HARDT, as mortgagee, a certain policy of insurance bearing Policy No. 3205010, with effective dates of November 1, 2021 through November 1, 2022, wherein and whereby it insured Michelle Hardt and plaintiff PETER HARDT, as mortgagee for all risks of loss set forth therein for the premises at 30 Newton Street, Staten Island, New York with respect to the Dwelling up to an amount of $522,000, plus any applicable extensions, endorsements and/or increases set forth in the policy. **(Exhibit B)**

10.     On or about February 13, 2022, while said policy was in full force and effect, the Premises was the subject of a loss caused by fire and its effects.

2

11.     The damage to the Dwelling at the Premises was in at least the amount of $522,000.

12.     Thereafter, Michelle Hardt made claim to defendant Cambridge Mutual for said loss to the Dwelling.

13.     Defendant Cambridge Mutual issued a denial letter to Michelle Hardt dated June 20, 2022, and  has refused to pay her damages under the policy. **(Exhibit C)**

### First Cause of Action

14.     Plaintiff repeats all prior paragraphs herein.

15.     At the time of the loss and at all relevant times, there remains unpaid a balance in excess of $850,000 due on the loan by plaintiff PETER HARDT to Michelle Hardt which was secured by the Premises at 30 Newton Street, Staten Island, New York.

16.     Plaintiff PETER HARDT has fulfilled all of the terms, conditions and requirements under the Policy.

17.     The Policy provides, under Section 1, Conditions:

**L. Mortgage Clause**

**1.**     If a mortgagee is named in this policy, any loss payable under Coverage **A** or **B** will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

**2.**     If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

**a.**     Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
**b.**     Pays any premium due under this policy on demand if you have neglected to pay the premium; and
**c.**     Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs **F.** Appraisal, **H.** Suit Against Us and **J.** Loss Payment under Section **I** - Conditions also apply to the mortgagee.

18.     Defendant Cambridge Mutual issued a denial letter to Michelle Hardt dated June 20, 2022, and has refused to pay her damages under the policy. **(Exhibit C)**. The reasons for the denial of the claim were that the insured violated the terms and conditions of the Policy by being "involved in committing or conspiring to commit the intentional loss [fire] which resulted in damages to the property...", and that the insured violated the terms and conditions of the Policy including, "intentional concealment or misrepresentation of a material fact or circumstance and the engagement in fraudulent conduct related to this insurance by you or others acting on your behalf."

19.     Cambridge Mutual has breached the contract of insurance and has not paid plaintiff PETER HARDT, as mortgagee, for its loss resulting from the destruction of the security for its loan to Michelle Hardt as required by the terms and conditions of the policy.

20.     As a result plaintiff PETER HARDT has been damaged in excess of $522,000.

21.     Under the policy of insurance issued by Cambridge Mutual to plaintiff PETER HARDT as mortgagee, Cambridge Mutual is obligated to pay to plaintiff PETER HARDT, as mortgagee up to the amount of the damages sustained "as [his] interests appear".

22.     By reason of the above, plaintiff PETER HARDT is entitled to a declaratory judgment of this Court that the occurrence and claim made by against Cambridge Mutual were and are covered under the Policy, and that the defendant Cambridge Mutual be ordered to pay the plaintiff PETER HARDT for his damages suffered as a result of that loss, an amount believed to be at least $522,000 plus any available extensions of coverage and endorsements.

**WHEREFORE,** plaintiff demands judgment against defendant Cambridge Mutual in the sum of at least $522,000 for the Dwelling, plus any available extensions of coverage and endorsements, together with such other, further and different relief as to the court may appear justified under the circumstances, and the costs and disbursements of this action.

Dated: New York, New York
September 15, 2022

Yours, etc.,

*Craig A. Blumberg*
CRAIG A. BLUMBERG (CB 7166)
Law Office of Craig A. Blumberg
Attorneys for Plaintiff
15 Maiden Lane, 20th Floor
New York, NY 10038-4003
(212) 346-0808
craig@lawofficecab.com